## Standard Workmen's Compensation Insurance Endorsement.

*Workmen's compensation insurance—Endorsement as to liability in standard policy—Act of May 17, 1921.*

Under sections 651 and 653 of the Insurance Company Act of May 17, 1921, P. L. 682, requiring policies of insurance under the Workmen's Compensation Acts to cover all amounts for which the insured employer may become liable under the acts, it is proper to require all policies to bear an endorsement to that effect, such as is found in paragraph 2 of the Standard Workmen's Compensation Endorsement.

Department of Justice. Opinion to Colonel Matthew H. Taggart, Insurance Commissioner.

WAGNER, Dep. Att'y-Gen., July 7, 1927.—I beg to acknowledge receipt of your letter of June 30th, requesting that you be advised whether paragraph 2 of the Standard Pennsylvania Workmen's Compensation Endorsement, which is required to be attached to all policies of insurance issued against liability

under the Workmen's Compensation Act of Pennsylvania, is authorized under the provisions of sections 651 and 653 of the Insurance Company Law of 1921 (Act of May 17, 1921, P. L. 682).

Paragraph 2 of the Standard Pennsylvania Workmen's Compensation Endorsement, referred to above, is as follows:

"The insuring company hereby assumes the whole liability of the insured employer under the Workmen's Compensation Act of Pennsylvania, 1915, as amended, and all laws amendatory thereof which may be or become effective while this policy is in force, without any exception, qualification or limitation.

"The insuring company agrees to pay, in the manner provided by the said Workmen's Compensation Act, all benefits due or to become due from the insured employer, including all funeral expenses, surgical, medical and hospital services, medicines and supplies, for which the insured employer may be or become liable under said act. This agreement shall constitute a direct promise to the injured employee and to dependents of injured employees, enforceable by action brought in the name of such injured employee or such dependents. As between the employee or his dependents and the insuring company, the notice to or knowledge of the occurrence of an injury on the part of the insured employer shall be deemed notice or knowledge on the part of the insuring company."

Sections 651 and 653 of the Insurance Company Law of 1921 are as follows:

"Section 651. Policy Provisions. Every policy of insurance against liability under 'The Workmen's Compensation Act of nineteen hundred and fifteen,' and acts amendatory thereof, shall contain the agreement of the insurer to pay all compensation and provide all medical, surgical and hospital attendance for which the insured employer may become liable under the act during the term of such insurance, and the further agreement that, as between the insurer and any claimant under the act, notice to the employer or the employer's knowledge of an accident or injury constituting the basis of a claim under the act shall be notice to and knowledge of the insurer. Such agreements shall be construed to be a direct promise to the injured employee or to the dependents of a deceased employee having a claim under the act, and shall be enforceable by action brought in the name of such injured employee or in the name of such dependents. Such obligation shall not be affected by any default of the insured, after the accident, in the payment of premiums or in the giving of any notices required by such policy or otherwise."

"Section 653. Prohibited Policy Provisions. No policy of insurance against liability under 'The Workmen's Compensation Act of nineteen hundred and fifteen,' or acts amendatory thereof, shall contain any limitation of the liability of the insurer to an amount less than that for which the insured employer may become liable under the act during the term of such insurance. No such policy or contract of insurance, nor any agreement to deliver such insurance, shall be issued except upon a form approved by the Insurance Commissioner as complying with all the terms and provisions of this act. But a policy may be issued to a self-insurer, qualified under section three hundred and five of article three of 'The Workmen's Compensation Act of nineteen hundred and fifteen,' or acts amendatory thereof, providing for the payment of any stated loss in excess of ten thousand dollars falling upon such self-insurer, under the terms of the said act, by reason of any single accident."

In my opinion, sections 651 and 653, quoted above, clearly require that all policies of insurance against liability under the Workmen's Compensation Act of 1915 shall cover all amounts for which the insured employer may become liable under the act during the term of such insurance. The insurer is pro-

Standard Workmen's Compensation Insurance Endorsement.

hibited from limiting its liability to an amount less than that for which the insured employer may become liable under the act. The agreement of the insurer that it shall be liable for all amounts for which the insured employer may become liable can properly be secured only by the requirement that each policy issued to an insured employer shall cover the entire liability of the employer. I find no other method of complying with the above sections.

Paragraph 2 of the Standard Endorsement, quoted above, is strictly in accordance with the above sections 651 and 653, and your department is authorized to require an endorsement similar to paragraph 2 upon all policies insuring the liability of employers under the Workmen's Compensation Act.

From C. P. Addams, Harrisburg, Pa.